NO. 30545

IN THE SUPREME COURT OF THE STATE OF HAWAI‘I

_____

LEILA HAYASHIDA HENNA, as Personal Representative of the Estate of Harold Hifuo Hayashida, and as Successor Trustee of the Harold H. Hayashida Revocable Trust, Petitioner,

vs.

THE HONORABLE GERONIMO VALDRIZ, JUDGE OF THE FAMILY COURT OF THE SECOND CIRCUIT, STATE OF HAWAI‘I; and NAOMI IWASAKI HAYASHIDA, Respondents.

_____

ORIGINAL PROCEEDING
(FC-D No. 08-1-0657)

ORDER
(By: Nakayama, Acoba, and Duffy, JJ.; with Recktenwald, J., concurring separately, with whom Moon, C.J., joins)

Upon consideration of petitioner Leila Hayashida Henna's petition for a writ of mandamus and the papers in support, it appears that petitioner's April 1, 2010 motion for attorney's fees and costs is not within the ambit of HRAP 4(a)(3) (2006) inasmuch as: (1) the April 1, 2010 motion is a motion for attorney's fees and costs under HFCR 68; (2) HRAP 4(a)(3) applies to a motion for attorney's fees and costs under HRCP 54(d); and (3) Buscher v. Boning, 114 Hawai‘i 202, 159 P.3d 814 (2007) applied HRAP 4(a)(3) to a motion for costs under HRCP 54(d), not HRCP 68. The April 1, 2010 motion for attorney's fees and costs will not be deemed denied by operation of HRAP 4(a)(3) if the motion is not disposed by June 30, 2010.

It further appears that postponement of the hearing on petitioner's April 1, 2010 motion for attorney's fees and costs was within the discretion of the respondent judge and was not a flagrant and manifest abuse of discretion. Therefore, petitioner is not entitled to mandamus relief. See Kema v. Gaddis, 91

Hawai'i 200, 204, 982 P.2d 334, 338 (1999) (A writ of mandamus and is an extraordinary remedy that will not issue unless the petitioner demonstrates a clear and indisputable right to relief and a lack of alternative means to redress adequately the alleged wrong or obtain the requested action. Such writs are not intended to supersede the legal discretionary authority of the lower courts, nor are they intended to serve as legal remedies in lieu of normal appellate procedures. Where a court has discretion to act, mandamus will not lie to interfere with or control the exercise of that discretion, even when the judge has acted erroneously, unless the judge has exceeded his or her jurisdiction, has committed a flagrant and manifest abuse of discretion, or has refused to act on a subject properly before the court under circumstances in which it has a legal duty to act.). Accordingly,

IT IS HEREBY ORDERED that the petition for a writ of mandamus is denied.

DATED: Honolulu, Hawai'i, June 24, 2010.